## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-09183 PA (MAAx) | Date | October 30, 2019 |
|---|---|---|---|
| Title | Ilan N. Rosen Janfaza v. Royal Palace Royal Girls Cabaret, LLC et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants 7180 Sunset Blvd., Inc. and Marcelle Ezerzer ("Defendants") on October 24, 2019. Plaintiff Ilan N. Rosen Janfaza ("Plaintiff") filed a complaint against Defendants in Los Angeles County Superior Court, asserting causes of action for (1) assault and battery, (2) intentional infliction of emotional distress, (3) negligent hiring, training, supervision, and retention of employees, (4) negligence, (5) false imprisonment, and (6) violation of the Bane Civil Rights Act. Defendants assert that this Court has jurisdiction on the basis of federal question jurisdiction. See 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The Defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F.Supp. 1354, 1360 (D. Ariz. 1996)). These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). This rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id.; see

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-09183 PA (MAAx) | Date | October 30, 2019 |
|---|---|---|---|
| Title | Ilan N. Rosen Janfaza v. Royal Palace Royal Girls Cabaret, LLC et al. | | |

also Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[I]n order for a complaint to state a claim 'arising under' federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question."). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc., 482 U.S. at 392. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 393. The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one, or where the only claim is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, Defendants contend that the Court has federal question jurisdiction over this action because Plaintiff's sixth cause of action makes a single isolated reference to the U.S. Constitution. Specifically, Plaintiff's Complaint states:

> The foregoing conduct by Defendants constitutes a violation of the Bane Civil Rights Act in that it constitutes an attempt to interfere, and actual interference, with Plaintiff's exercise and enjoyment of his civil rights secured by law. Said rights that Defendants attempted to and did interfere with include, but are not limited to, those secured by Civil Code § 43, Penal Code §§ 240, 241, 242 and 243, <u>the United States and California constitutions and the common law interpreting the United States and California constitutions</u> and the statutes enacted by the state of California.

(Compl. ¶57 (emphasis added).) Based on this single allegation, Defendants argue that Plaintiff "has asserted a claim 'rising under the Constitution, laws, or treaties of the United States' which renders this Action removable pursuant to 28 U.S.C. § 1441(c)(1)(A)." (Docket No. 1 ¶8.) However, Plaintiff's reference to the U.S. Constitution does not appear to be an attempt to allege a federal claim. Rather, all of Plaintiff's causes of actions are based on state law and it is not "clear" from the face of the Complaint that Plaintiff is attempting to assert any federal claims at all. Accordingly, Defendants have failed to meet their burden to establish that this action "arises under" any federal law. Compare Shelley's Total Body Works v. City of Auburn, No. C07-126P, 2007 WL 765205, at *2 (W.D. Wash. Mar. 9, 2007) ("Federal courts have repeatedly held that vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction." (collecting cases)).

For the foregoing reasons, Defendants have failed to satisfy their burden of showing that federal question jurisdiction exists. Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case No. BC659846, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.